UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
PUBLIC PATENT FOUNDATION, INC.,          :
                                          :
                     Plaintiff,           :   **10-CIV-1552 (BSJ)**
                                          :
           v.                             :
                                          :
THE QUIGLEY CORPORATION,                  :
                                          :
                     Defendant.           :
---------------------------------------------------------- x

### DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES

REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

*Attorneys for Defendant
The Quigley Corporation*

Defendant ProPhase Labs, Inc. f/k/a The Quigley Corporation ("ProPhase" or "Defendant"), by and through its undersigned counsel, Reed Smith LLP, hereby responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.  The allegations contained in paragraph 1 of the Complaint consist of Plaintiff's characterizations of its cause of action, to which no responsive pleading is required.

2.  The allegations contained in paragraph 2 of the Complaint consist of legal argument to which no responsive pleading is required. By way of further answer, Defendant denies the allegations set forth in paragraph 2.

3.  The allegations contained in paragraph 3 of the Complaint consist of Plaintiff's demand for relief, to which no responsive pleading is required. By way of further answer, Defendant denies that Plaintiff is entitled to the relief it seeks.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations.

8.  Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint, and on that basis denies the allegations.

9.  Admitted. By way of further answer, The Quigley Corporation changed its name to ProPhase Labs, Inc. in May 2010. ProPhase Labs, Inc. is a corporation formed under the laws

- 2 -

of Nevada, with its principal place of business at 621 Shady Retreat Road, Doylestown, PA 18901.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted in part. Defendant admits the allegations contained in the first sentence of paragraph 15 of the Complaint. The remaining allegations of paragraph 15 of the Complaint are legal conclusions to which no responsive pleading is required.

16. Admitted in part. Defendant admits the allegations contained in the first and second sentences of paragraph 16 of the Complaint. The remaining allegations of paragraph 16 of the Complaint are legal conclusions to which no responsive pleading is required

17. Admitted in part, denied in part. Defendant admits that the Quigley Corporation was the named plaintiff in *Quigley Corp. v. GumTech Int'l, Inc.*, 250 F.3d 755 (Fed. Cir. 2000). Defendant further admits that it retains legal counsel from time to time in connection with patent and advertising related matters, among other things. Plaintiff's allegation that Defendant is a "sophisticated" company is argumentative and its meaning is unclear; Defendant accordingly lacks sufficient knowledge or information to admit or deny that allegation, and denies the allegation on that basis. Plaintiff's allegation that the attorneys retained or employed by

Defendant are "familiar with patent and false advertising issues" is also vague and its meaning unclear, and Defendant lacks sufficient knowledge or information to admit or deny an allegation directed to its counsel's "familiarity" with such issues. Defendant accordingly lacks sufficient knowledge or information to admit or deny this allegation, and denies the allegation on that basis. Defendant denies the remaining allegations contained in paragraph 17.

18. Admitted in part, denied in part. Defendant admits that certain COLD-EEZE® zinc gluconate glycine products were marked with the language "DEVELOPED UNDER PATENTS: 4,684,528 4,758,439." Defendant denies the remaining allegations contained in paragraph 18.

19. Admitted in part, denied in part. Defendant admits only that the language quoted in paragraph 19 of the Complaint appears in the printouts appended as Exhibits B and C to the Complaint. Those printouts are documents, or portions of documents, that speak for themselves. Defendant lacks sufficient knowledge or information to admit or deny whether the language quoted in paragraph 19 of the Complaint appeared on its website and/or on any publicly accessible portion of its website from June 11, 2005 until at least June 11, 2008; accordingly, Defendant denies that allegation of paragraph 19 on that basis. Defendant denies the remaining allegations contained in paragraph 19.

20. Admitted in part, denied in part. Defendant admits only that the statement "The COLD-EEZE® patented, proprietary zinc gluconate glycine formula is believed to work by interfering with the cold virus" appeared in certain promotional materials for some of its products at some time. Defendant denies the remaining allegations contained in paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied,

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims alleged in its Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant did not make any false or deceptive statements to the public regarding the status of patent protection for its COLD-EEZE products.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant had no intent to deceive the public regarding the status of patent protection for its COLD-EEZE products.

**WHEREFORE**, ProPhase demands judgment:

1. Dismissing the complaint with prejudice;

2. Denying Plaintiff all relief requested in its complaint;

3. Declaring that ProPhase is not in violation of 35 U.S.C. 292(a); and

4. Awarding ProPhase such other and further relief as the Court deems just and proper.

Dated: August 9, 2011

                                      Respectfully submitted,

                                      */s/ Carl Howard Pierce*
                                      Carl Howard Pierce
                                      **REED SMITH LLP**
                                      599 Lexington Avenue
                                      New York, New York 10022
                                      (212) 521-5400

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2011, a copy of the foregoing was served via the Court's electronic filing system, on the following attorneys of record:

>The Public Patent Foundation, Inc.
>**c/o Daniel Ben Ravicher**
>Benjamin N. Cardozo School of Law
>55 Fifth Avenue
>New York, NY 10003
>(212) 545-5337
>(212) 591-6038 (fax)
>inofo@pubpat.org

>The Public Patent Foundation, Inc.
>**c/o David Garrod**
>Benjamin N. Cardozo School of Law
>55 Fifth Avenue
>New York, NY 10003
>(212) 545-5337
>(212) 591-6038 (fax)
>inofo@pubpat.org

By:  */s/ Joseph B. Teig*
       Joseph B. Teig